# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

***

| | |
|---|---|
| Monica M., <br><br>            Plaintiff, <br><br> v. <br><br> KILOLO KIJAKAZI, Acting Commissioner of Social Security, <br><br>            Defendant. | 2:23-cv-00699-VCF <br><br> **ORDER** <br><br> MOTION FOR REVERSAL AND/OR REMAND [ECF NO. 10]; MOTION TO AFFIRM [ECF NO. 12] |

This matter involves Plaintiff Monica M.'s appeal from the Administrative Law Judge's ("ALJ") final decision denying his social security benefits. Before the Court are Monica M.'s Motion for Reversal and/or Remand (ECF No. 10) and the Commissioner's Cross-Motion to Affirm and Response (ECF Nos. 12 and 13). For the reasons stated below, the Court denies Plaintiff's Motion to Remand and grants the Commissioner's Cross-Motion.

**STANDARD OF REVIEW**

The Fifth Amendment prohibits the government from depriving persons of property without due process of law. U.S. Const. amend. V. Social security claimants have a constitutionally protected property interest in social security benefits. *Mathews v. Eldridge*, 424 U.S. 319 (1976); *Gonzalez v. Sullivan*, 914 F.2d 1197, 1203 (9th Cir. 1990). When the Commissioner of Social Security renders a final decision denying a claimant's benefits, the Social Security Act authorizes the District Court to review the Commissioner's decision. *See* 42 U.S.C. § 405(g); 28 U.S.C. § 636(b) (permitting the District Court to refer matters to a U.S. Magistrate Judge).

1

The District Court's review is limited. *See Treichler v. Comm'r of SSA,* 775 F.3d 1090, 1093 (9th Cir. 2014) ("It is usually better to minimize the opportunity for reviewing courts to substitute their discretion for that of the agency.") The Court examines the Commissioner's decision to determine whether (1) the Commissioner applied the correct legal standards and (2) the decision is supported by "substantial evidence." *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004). Substantial evidence is defined as "more than a mere scintilla" of evidence. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Under the "substantial evidence" standard, the Commissioner's decision must be upheld if it is supported by enough "evidence as a reasonable mind might accept as adequate to support a conclusion." *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 217 (1938) (defining "a mere scintilla" of evidence). If the evidence supports more than one interpretation, the Court must uphold the Commissioner's interpretation. *See Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005). The Commissioner's decision will be upheld if it has any support in the record. *See, e.g., Bowling v. Shalala*, 36 F.3d 431, 434 (5th Cir. 1988) (stating the court may not reweigh evidence, try the case de novo, or overturn the Commissioner's decision if the evidence preponderates against it).

## DISCUSSION

The Administrative Law Judge ("ALJ") followed the five-step sequential evaluation process for determining whether an individual is disabled. 20 C.F.R. § 404.1520. The ALJ concluded that Plaintiff has not engaged in substantial gainful activity since March 17, 2020, the alleged onset date (20 CFR 404.1571 *et seq.*, and 416.971 *et seq.*). (AR[1] at 28). The ALJ found Plaintiff has the severe impairment of degenerative disc disease of the lumbar spine; and osteoarthritis of the right hip (20 CFR 404.1520(c) and 416.920(c)). *Id.* at 39. The ALJ found Plaintiff's impairments did not meet or medically equal the severity of a listed impairment in 20 CFR Part 404, Subpart P, Appendix 1. *Id.*

---

[1] The Administrative Record ("AR") is found at ECF No 18.

The ALJ concluded Plaintiff had the residual functional capacity to perform less than the full range of light work as defined in 20 CFR 404.1567(b) and 416.967(b). Plaintiff has the residual functional capacity to perform less than full range of light work except, lifting, carrying, pushing and/or pulling, 20 pounds occasionally and 10 pounds frequently; sitting for 6 hours, standing for 4 hours, and walking for 4 hours, for a combined total of 4 hours standing and/or walking; and can occasionally operate foot controls with the right foot. Plaintiff can occasionally climb ramps and stairs, stoop, kneel, crouch, and crawl, but can never climb ladders, ropes or scaffolds. Plaintiff can occasionally work around moving mechanical parts, operate a motor vehicle, work around extreme cold and/or heat, and vibration, but can never work at unprotected heights. Due to plaintiff's pain complaints, she is limited to understanding, remembering and carrying out instructions/tasks that can be learned and mastered in 3-6 months. AR 33. The ALJ found that the plaintiff's medically determinable impairment could reasonably be expected to cause some of the alleged symptoms; however, plaintiff's statements concerning the intensity, persistence and limiting effects of these symptoms are not consistent with medical and other evidence. AR 34.

The ALJ found Plaintiff cannot perform any past relevant work, but can perform other jobs that exist in significant numbers in the national economy. (*Id*. at 43). The ALJ also found that Plaintiff meets the insured status requirements of the Social Security Act. *Id*. Overall, the ALJ concluded that Plaintiff was not under a disability within the meaning of the Social Security Act from March 17, 2020, through the date of the decision on March 18, 2022. *Id*. at 40.

Plaintiff challenges the ALJ's conclusion on whether the ALJ properly rejected Dr. Chand's treating opinion.

**I.** Whether the ALJ properly rejected Dr. Chand's treating opinion.

Plaintiff states that the ALJ failed to provide sufficient reasons supported by substantial evidence in rejecting Dr. Chand's treating opinion. Plaintiff states that the ALJ erred in her rejection of Dr. Chand's

opinion. ECF NO. 10.   The ALJ states that Dr. Chand's opinion was unpersuasive. The ALJ's reason for finding Dr. Chand's opinion "unpersuasive" is that "overall treatment has been rather conservative." A.R. 37.  Plaintiff states that this claim is incorrect. Ablations, injections, and narcotic pain medication are the exact opposite of conservative treatment. *See Lapeirre-Gutt v. Astrue*, 382 Fed. App'x 662, 664 (9th Cir. 2010) (doubting whether "copious amounts of narcotic pain medication" as well as nerve blocks and trigger point injections was "conservative" treatment); *Huber v. Berryhill*, 732 F. App'x 451, 456-57 (7th Cir. 2018) (rejecting an ALJ's characterization of a claimant's treatment as conservative where it included radiofrequency ablation); *Christine G. v. Saul*, 402 F. Supp. 3d 913, 926 (C.D. Cal. 2019) ("Many courts have previously found that strong narcotic pain medications and spinal epidural injections are not considered to be 'conservative' treatment.") (collecting cases); and *Harrison v. Astrue*, 2012 WL 527419, at *7 (D. Or. Feb. 16, 2012) (treatment including narcotic medications, nerve blocks and multiple steroid injections "certainly not conservative").

Plaintiff also states that Dr. Chand had the proper foundation for the opinions expressed and that the ALJ stated no valid reason for rejecting those opinions. ECF No. 10. Dr. Chand opined that Monica was failing treatment and needed a total hip replacement. *Id.* Dr. Chand opined that Monica's impairments lasted or can be expected to last at least twelve months. *Id.* Dr. Chand described Monica's pain, the supporting objective findings, and the response to treatment. *Id.* Dr. Chand opined that Monica could sit for fifteen minutes at a time, stand fifteen minutes at a time, and would need periods of walking around during an eight-hour working, every fifteen minutes, for eight minutes at a time. *See* A.R. 841.

Dr. Chand opined that Monica could sit, stand, and walk for less than two hours each during an eight-hour working day. *Id.* Dr. Chand opined that Monica could lift and carry ten pounds occasionally and less than ten pounds frequently and never stoop, crouch, or climb ladders. A.R. 842. Dr. Chand opined that Monica would have "good days" and "bad days" and that she would miss more than four days per

month. (A.R. 843). Dr. Chand opined that the earliest date the limitations were applicable was August 1, 2021.  A.R. 843.

Dr. Chand states that the clinical findings and objective findings supporting her opinion are limping gait; positive straight leg raising; positive FABER testing (a screening to test pathology of the hip joint or sacrum); an x-ray demonstrating severe degeneration of the osteoarthritis of hip, moderate joint space narrowing, subchondral sclerosis, and cystic change of acetabulum; and an MRI of the spine revealing degeneration of the lumbar spine. A.R. 840. Dr. Chand described Monica's pain and response to treatment and specifically noted that steroid injections and physical therapy did not provide adequate relief. *Id.* She also noted that Monica was on a high dose of opioids and needed a cane to walk long distances.  ECF No. 10 at 9.

Monica underwent medial branch blocks, radiofrequency ablations, physical therapy, and narcotic pain medication. (634, 714, 792, 800, 808, and 817). A hip replacement was recommended, Monica was advised that her back condition necessitated a discectomy involving L4-5 and L5-S1 followed by interbody fusions at two levels. A.R. 455.

Plaintiff states that the opinions from the State agency medical consultants, Drs. Bui and Kaur, are based on an incomplete medical hypothetical.  Plaintiff states that Drs. Bui and Kaur did not review any medical records after November 2020 and March 2021, respectively. A.R. 139 and 157.  Drs. Bui and Kaur did not consider the fact that Macina underwent medial branch blocks and radiofrequency denervations, and did not consider the August 4 2021 x-ray of the right hip which revealed degenerative changes that had significantly progressed since March 18, 2020. A.R. 770.

Here, the issue is whether the ALJ properly rejected Dr. Chand's opinion. For claims filed on or after March 27, 2017, Federal Regulation 20 C.F.R. §§ 404.1520c and 416.920c governs how an ALJ must evaluate medical opinion evidence. Revisions to Rules Regarding the Evaluation of Medical Evidence (Revisions to Rules), 82 Fed. Reg. 5844, available at 2017 WL 168819 (Jan. 18, 2017). Under

these new regulations, ALJs no longer "weigh" medical opinions, but rather determine which are most "persuasive." 20 C.F.R. § 404.1520c(a)-(b).

In evaluating medical opinion evidence, an ALJ "will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from [a claimant's] medical sources." 20 C.F.R. §§ 404.1520c(a), 416.920c(a). Instead, when a medical source provides an opinion, an ALJ will consider:

(1) how well the source supported his opinion using objective medical evidence and explanations;

(2) how consistent the opinion is with the evidence from other medical and nonmedical sources;

(3) the length, purpose, and extent of the source's relationship with the claimant and the frequency of any examinations;

(4) the source's specialty; and

(5) other factors, including the source's familiarity with the claimant's other medical evidence and Social Security disability program policies.

20 C.F.R. §§ 404.1520c(c), 416.920c(c). The most important factors for determining a medical opinion's persuasiveness are supportability and consistency. 20 C.F.R. §§ 404.1520c(b), 416.920c(b); *see also Woods v. Kijakazi*, 32 F.4th 785, 791-92 (9th Cir. 2022). Significantly, to reject a medical opinion, an ALJ only needs to provide an explanation that is supported by substantial evidence. *Woods*, 32 F.4th at 787 ("[A]n ALJ's decision, including the decision to discredit any medical opinion, must simply be supported by substantial evidence.").

The Court finds the ALJ applied the correct legal standards and made conclusions supported by substantial evidence when discounting Dr. Chands' opinion. The ALJ evaluated and weighed opinion evidence from State agency medical consultants Drs. Bui and Kaur, and properly discounted Dr. Chands' opinions regarding Plaintiff's functional limitations. AR 19-40.

The ALJ gave clear and legitimate reasons for why she found Dr. Chand's opinion unpersuasive. AR 37; *see generally* AR 840-43. Using an attorney-provided form, Dr. Chand opined that Plaintiff was able to lift and carry up to ten pounds occasionally, less than ten pounds frequently; could sit and/or stand for fifteen minutes at a time, and could not walk one city block without rest or severe pain, for a total of less than two hours each in an eight-hour workday; required a cane for walking "long distances"; required the ability to shift positions at will and would also need unscheduled breaks throughout the workday; had pain and other symptoms that were frequently severe enough to interfere with the attention and concentration needed to perform even simple work tasks; and would miss more than four days per month from work as a result of her impairments and/or related treatment. AR 840-43. The ALJ reasonably explained why Dr. Chand's opinion lacked supportability and consistency with the record. AR 37-38.

The ALJ explained that the opinion lacked supportability. AR 37-38. An opinion's supportability is in relation to the quality of the source's explanations and presented objective evidence. 20 C.F.R. §§ 404.1520c(c)(1), 416.920c(c)(1). The ALJ found that "Dr. Chand indicated that the earliest date these purported limitations applied was August 1, 2021." AR 37; *see* AR 843. Plaintiff's alleged onset date was March 17, 2020. AR 22, 306, 313. The ALJ also noted that it was a form opinion; form opinions, such as this one, lack significant explanation. *See* AR 37, 840-43.  While Dr. Chand treated Plaintiff, she did not treat her for pain management. AR 36; *see*, e.g., AR 32, 545-50, 554-59.

The ALJ found the opined severity of Plaintiff's limitations was inconsistent with the record. AR 37-38.  Imaging revealed some significant findings and hip surgery was recommended.  The ALJ discussed that total right hip replacement was recommended to plaintiff. AR 37.  On December 8, 2020, Dr. Steven Nishiyama, D.O. diagnosed plaintiff with degenerative disc disease of the lumber spine and degenerative joint disease of the right hip. Dr. Nishiyama discussed with plaintiff nonoperative and operative treatment measures, including total hip arthroplasty. Plaintiff had indicated that she wanted to think about total hip arthroplasty and to continue with nonoperative treatment. *Id.*

The ALJ found that Plaintiff's overall treatment was conservative. AR 37. ALJs may consider evidence of conservative treatment when determining the severity of an impairment. 20 C.F.R. §§ 404.1529(c)(3)(iv)-(v), 416.929(c)(3)(iv)-(v); *Parra v. Astrue*, 481 F.3d 742, 751 (9th Cir. 2007). The ALJ may also consider any "inadequately explained failure to seek treatment or to follow a prescribed course of treatment." *Tommasetti v. Astrue*, 533 F.3d 1035, 1039 (9th Cir. 2008). Hip surgery was recommended but Plaintiff declined treatment. AR 37; *see* AR 31, 454-56, 507. Plaintiff testified that this was because she was concerned about contracting COVID. AR 68-69.  The ALJ found that Plaintiff's explanation unreliable because she had comparable treatment during COVID, such as radio frequency ablation treatment. AR 35; *see* AR 782, 795 (ablations successfully performed in June and July 2021). In October 2020, she also had a consultation with respect to surgical treatment and a gastric sleeve operation, which indicated that Plaintiff had contemplated that type of surgery during COVID. AR 26, 35, 37; *see* AR 848-59.  The ALJ reasonably found Dr. Chand's "overly restrictive" opinion inconsistent with Plaintiff's history of conservative treatment. AR 37.

The ALJ further explained that, although the record showed, in part, abnormal gait sometimes and positive FABER testing (screening to test pathology of the hip joint or sacrum), Plaintiff's EMG results were negative and most of the examinations did not demonstrate significant deficits. AR 37.  The ALJ found that testing generally did not indicate pain that would significantly affect Plaintiff's functioning. AR 35 (citing AR 457-57, 472-73, 595-616, 670-86, 750-65, 844-50). The ALJ noted that the record did not show Plaintiff was in acute distress, which was inconsistent with the opined severity of Plaintiff's pain symptoms. AR 31, 35.  The ALJ may consider a lack of findings of acute distress when evaluating allegations of debilitating pain. *See Rollins v. Massanri*, 261 F.3d 853, 856 (9th Cir. 2001); *Datillo v. Berryhill*, 773 F. App'x. 878, 881 (9th Cir. 2019) (unpublished).

Plaintiff reported significant improvement from medication and radio frequency ablations. AR 37; *see* AR 31-34, 551. ALJs consider treatment and relief when evaluating a claimant's pain symptoms. 20

C.F.R. §§ 404.1529(c)(3)(iv), (v), 416.929(c)(3)(iv), (v). "[E]vidence of medical treatment successfully relieving symptoms can undermine a claim of disability." *Wellington v. Berryhill*, 878 F.3d 867, 876 (9th Cir. 2017) (citations omitted).

These reports of significant relief using conservative treatments, particularly when coupled with treatment notes consistently showing no acute distress, were inconsistent with Dr. Chand's opinion that Plaintiff had intermittent 8/10 pain most days for most of the day. *See* AR 37-38, 840.  The ALJ reasonably evaluated the consistency of Dr. Chand's opinion with a mixed record that generally showed significant improvements with even conservative treatment. *See* AR 37-38.  Plaintiff notes that the reviewing state agency consultants, whose findings were persuasive, also did not treat Plaintiff's pain. ECF No. 10 at 11; *see* AR 37.  Dr. Chand did treat Plaintiff, and it was no error for the ALJ to note the parameters of Dr. Chand's treatment with Plaintiff.  *See* 20 C.F.R. §§ 404.1520c(c)(3)(iii), (iv), 416.920c(c)(3)(iii), (iv).

Dr. Chand's opinion as to the severity of Plaintiff's symptoms was inconsistent with Plaintiff's inadequately explained history of conservative treatment. Plaintiff further argues that a procedure such as an ablation is not the same as hip surgery. ECF No. 10 at 12. Even if the record could be construed more favorably, "it is the ALJ's conclusion that must be upheld." *Burch*, 400 F.3d at 679. Moreover, "[t]he standard isn't whether our court is convinced, but instead whether the ALJ's rationale is clear enough that it has the power to convince." *Smartt v. Kijakazi*, 53 F.4th 489, 499 (9th Cir. 2022). Here, the ALJ's reasonable explanation more than cleared this low hurdle.

Plaintiff argues that Plaintiff's treatment was not conservative. ECF No. 10 at 10-11. The ALJ discussed that plaintiff's treatment was conservative and the treatment provided significant benefit without the need for additional surgeries on either her back or her right hip.  AR 40. Plaintiff was reluctant to undergo surgery for her right hip due to covid are not persuasive given that she gets other similar interventions such as an ablation, which helped her condition.  Although Plaintiff offers an alternative interpretation of the medical and other evidence (ECF No. 10 at 10-14), substantial evidence still supports

the ALJ's findings. *See Jamerson v. Chater*, 112 F.3d 1064, 1067 (9th Cir. 1997) (The "key question is not whether there is substantial evidence that could support a finding of disability, but whether there is substantial evidence to support the Commissioner's actual finding.").

The ALJ reasonably concluded that Plaintiff was not disabled within the meaning of the Social Security Act. AR 40. Substantial evidence supports this conclusion, Courts cannot direct a finding of disability unless "there are no outstanding issues on which further proceedings in the administrative court would be useful." *Leon v. Berryhill*, 880 F.3d 1041, 1044 (9th Cir. 2017). Such circumstances are "rare." Treichler, 775 F.3d at 1100.

Where record evidence is susceptible to more than one rational interpretation, this Court must uphold the ALJ's findings. *See Burch*, 400 F.3d at 680-81 ("we must uphold the ALJ's decision where the evidence is susceptible to more than one rational interpretation"); *Moore v. Kijakazi*, 2022 WL 716811, at *5 (D. Nev. Mar. 10, 2022) ("[T]he issue before the reviewing court is not whether the Commissioner could reasonably have reached a different conclusion, but whether the final decision is supported by substantial evidence."); *see also Winans v. Bowen*, 853 F.2d 643, 644 (9th Cir. 1987) (a reviewing court "may not reweigh the evidence").

Accordingly, and for good cause shown,

IT IS HEREBY ORDERED that Plaintiff's Motion for Reversal and/or Remand (ECF No. 10) is DENIED, and the Commissioner's Cross-Motion to Affirm (ECF No. 12) is GRANTED.

The Clerk of Court is directed to enter final judgment.

DATED this 14th day of December 2023.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE